Filed 12/13/23  P. v. Smith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D081772 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FSB1301449) |
| KEISHA RENEE SMITH, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Bernardino, Hon. Alexander R. Martinez, Judge.  Affirmed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for the Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Garland, Assistant Attorney General, Alan L. Amann and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

Kiesha Renee Smith (and her codefendant Michael Mitchell) was convicted in 2014 of first degree special circumstance murder for the 2005 killing of a 90-year old woman during a home invasion robbery. This court reversed Smith's conviction for instructional error and remanded for a new trial. (*People v. Smith* (2017) 12 Cal.App.5th 766.) On remand, Smith pled no contest pursuant to *People v. West* (1970) 3 Cal.3d 595 to voluntary manslaughter (§ 192(a)) during which she personally used a firearm (§ 12022.5(a)); first degree home invasion robbery (§ 213(a)(1)(A)); first degree residential burglary (§ 459); and grand theft (§ 487(a)). Pursuant to the negotiated plea, she was sentenced to 25 years in state prison.

In January 2022, Smith filed a petition for resentencing under section 1172.6.[2] The trial court denied the petition, finding Smith failed to establish a prima facie case for relief. It reasoned that because Smith entered her plea in January 2020—"an entire year after" Penal Code section 1172.6 was enacted—she could not establish the requirement under subdivision (a)(3) of the statute that "she could not presently be convicted of murder . . . with the legal changes that went into effect on January [1], 2029."

Smith contends this was error. She argues the fact she entered her plea after the effective date of the statute does not make her ineligible for

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] All further undesignated statutory references are to the Penal Code. Smith brought her petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).) We will refer to the statute by its current number.

relief. She asserts she met the requirements under section 1172.6 because she was charged with felony murder by an amended information filed in 2013 and she "accepted a plea offer instead of going to a trial where she could have been convicted [f]or murder." We disagree.

The question in this appeal—"whether a criminal defendant who was convicted after Senate Bill No. 1437 [(2017-2018 Reg. Sess.)] became effective can nevertheless obtain resentencing relief under section 1172.6"—was recently answered by the Fifth District Court of Appeal in *People v. Reyes* (Nov. 16, 2023, F085582) ___ Cal.App.5th ___ [2023 WL 7895600] (*Reyes*).[3] Like here, the trial court denied the appellant's petition for resentencing, concluding he was ineligible for resentencing because his conviction had occurred after Senate Bill No. 1437 became effective. (*Reyes*, at *1.) The Court of Appeal rejected the appellant's argument that the date of his conviction should not bar him from relief and affirmed. (*Id*. at *2.)

"In general, the following three conditions are required for a person to seek resentencing under section 1172.6: [¶] (1) A complaint, information or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of murder liability that is now invalid (§ 1172.6, subd. (a)(1)); [¶] (2) Following a trial or the acceptance of a plea offer in lieu of a trial, the petitioner was convicted of manslaughter, murder, or attempted murder (§ 1172.6, subd. (a)(2)); and [¶] (3) *The petitioner could not presently be convicted of murder or attempted murder 'because of changes' brought by Senate Bill No. 1437 and made effective January 1, 2019 (§ 1172.6, subd. (a)(3)).*" (*Reyes, supra*, [2023 WL 7895600 *2], italics added.)

The *Reyes* court found the appellant ineligible for resentencing for two independent reasons: "First, in order to be resentenced, the charging

---

[3] *Reyes* was issued after the parties filed their briefs on appeal.

document filed against appellant must have allowed the prosecution to proceed under a theory of murder liability that is now invalid. (§ 1172.6, subd. (a)(1).) This requirement is not met here. The prosecution filed the information against appellant in 2020. Thus, when this criminal proceeding was initiated, the prosecution was precluded from proving the murder charge under a theory of imputed malice. This deficiency amply demonstrates that the trial court did not err when it denied appellant's petition for resentencing." (*Reyes*, *supra*, [2023 WL 7895600 at *3].)

Second, "[i]n order to be resentenced, a petitioner must allege that he could not presently be convicted of murder (or its attempt) 'because of changes' brought by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) This language demonstrates that appellant's petition was properly denied. Appellant was not convicted under the prior law, which permitted a theory of murder based on imputed malice. Instead, he entered his change of plea in 2021 with the advice and consent of legal counsel. When appellant entered his change of plea, the now invalid theories of murder liability had already been eliminated. Consequently, appellant has already received the benefits of Senate Bill No. 1437." (*Reyes*, *supra*, [2023 WL 7895600 at *3].)

We agree with the *Reyes* court and conclude the second reason articulated by the *Reyes* court applies to Smith. Smith entered her plea in 2020, with the advice and consent of legal counsel, when the now invalid theories of murder liability had already been eliminated. She thus cannot satisfy the third requirement under subdivision (a)(3) of section 1172.6, namely, she could not presently be convicted of murder or attempted murder "because of changes" brought by Senate Bill No. 1437 and made effective January 1, 2019. As the California Supreme Court stated in *People v. Lewis* (2021) 11 Cal.5th 952, 957), the resentencing procedure was designed to

4

provide retroactive relief to defendants who were, or who could have been, convicted of murder (or its attempt) *under the prior law*.

## DISPOSITION

The order denying Smith's petition for resentencing pursuant to section 1172.6 is affirmed.

DO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

KELETY, J.